STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **C.A., Z.A., S.A., L.A.-1, and L.A.-2**

**No. 18-0580** (Cabell County 15-JA-100, 15-JA-101, 15-JA-102, 15-JA-103, and 15-JA-104)

## MEMORANDUM DECISION

Petitioner Mother A.A., by counsel Kerry A. Nessel, appeals the Circuit Court of Cabell County's May 29, 2018, order terminating her parental rights to C.A., Z.A., S.A., L.A.-1, and L.A.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison K. Huson, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 9, 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that she abused controlled substances. The DHHR specifically alleged that in March of 2015, the parents were found unresponsive in the home after one of the children called 9-1-1. All of the children were home at that time. Upon investigation, the home was found to be deplorable with trash and dirty dishes piled throughout. There was also drug paraphernalia in the home. The DHHR also alleged that petitioner was unable to provide appropriate housing for the children. The parents were criminally charged with child neglect creating risk of injury. On June 15, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations of abuse and neglect. She admitted that her children were in the home when she overdosed on heroin in March of 2015. Accordingly, petitioner was adjudicated as an abusing parent and was granted a six-month post-adjudicatory improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, they will be referred to as L.A.-1 and L.A.-2, respectively, throughout this memorandum decision.

In November of 2015, the circuit court held a review hearing. The circuit court found that petitioner was in compliance with her post-adjudicatory improvement period and her case plan. In February of 2016, the circuit court held a review hearing and found that petitioner was in compliance with visits and parenting services. The circuit court granted petitioner an extension of her improvement period. In August of 2016, the circuit court held a review hearing and found that petitioner was doing well in her improvement period. The circuit court extended petitioner's post-adjudicatory improvement period and granted her overnight visits with the children. The circuit court held a hearing in March of 2017, during which it was informed that the children's father had passed away. Following the hearing, petitioner began a trial reunification with the children. Petitioner continued to comply with the terms and conditions of her post-adjudicatory improvement period and was granted multiple extensions of the same. However, following attempted reunification with petitioner, the children were again removed from her care in November of 2017. According to the DHHR, petitioner hit S.A. and withheld food from her because she was "acting out."

On January 18, 2018, the circuit court held a review hearing. The circuit court found that visitations between petitioner and the children were not going well. The DHHR and guardian moved for the circuit court to terminate petitioner's post-adjudicatory improvement period and terminate her parental rights. The circuit court terminated petitioner's post-adjudicatory improvement period and set the matter for disposition. On April 16, 2018, the circuit court held a dispositional hearing during which the DHHR presented evidence that the children disclosed severe emotional abuse by petitioner to a Child Protective Services ("CPS") worker. The CPS worker testified that there were issues between petitioner and the two oldest children that led to a complete breakdown of their relationship with petitioner. The CPS worker also informed the circuit court that the two oldest children do not wish to see or speak to their mother and fourteen-year-old Z.A. specifically expressed wishes that petitioner's parental rights be terminated. She testified that petitioner complied with services and other requirements of her post-adjudicatory improvement period. However, she further explained that services were exhausted over the three-year period that the proceedings were ongoing and that petitioner was unable to implement the parenting skills taught in the classes. Additionally, according to the CPS worker, petitioner did not cooperate with requests for records to confirm that she was receiving therapy and that said therapy was addressing the appropriate issues, including a diagnosis of borderline personality disorder. According to the guardian, petitioner "made choices that do not demonstrate [the] ability to properly parent the . . . children." In its May 29, 2018, dispositional order, the circuit court found that petitioner failed to fully comply with her family case plan. Further, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of her parental rights was in the children's best interests. Ultimately, the circuit court terminated petitioner's parental rights in its May 29, 2018, order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]The children's father is deceased. According to respondents, the permanency plan for the children is adoption by their paternal grandmother.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period. In support of her argument, petitioner asserts that she complied with the terms and conditions of her post-adjudicatory improvement period and family case plan. She further argues that she participated in classes and therapy and obtained stable housing and employment, but that she was "painted in an unfair light by the parties involved." Petitioner alleges that, by terminating her post-adjudicatory improvement period, the circuit court denied her the "opportunity to continue to correct her shortcomings as a parent." We do not find this argument persuasive.

Pursuant to West Virginia Code § 49-4-610(7), "[u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that [the parent] has failed to fully participate in the terms of the improvement period[.]" Here, petitioner complied with most of the terms and conditions of her post-adjudicatory improvement period and received numerous extensions of the same. It is uncontested that petitioner attended parenting classes and obtained housing and employment. However, the record shows that after three years of services, petitioner was unable to implement the parenting skills that she was taught and unable to demonstrate that she could properly parent the children. Petitioner also failed to cooperate with the DHHR and refused to provide documentation that she was participating in therapy to address specific issues. Further, the record shows that she emotionally abused the children to the point that it caused a breakdown in the relationship between petitioner and her two oldest children. In its May 29, 2018, dispositional order, the circuit court found that petitioner failed to fully comply with her family case plan. Moreover, due to her failure to make any meaningful improvements during the proceedings, the circuit court did not err in terminating petitioner's post-adjudicatory improvement period.

Further, we find no error in the circuit court's termination of petitioner's parental rights. Petitioner reiterates her argument that the circuit court erred in not allowing her to "continue to address her shortcomings as a parent." We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no

reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

The evidence discussed above also supports the termination of petitioner's parental rights. Petitioner failed to benefit from her parenting classes and was unable to implement proper parenting skills. The record also shows that the children disclosed severe emotional abuse by petitioner. Based on this evidence, there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Additionally, due to petitioner's emotional abuse of the children, it is clear that the termination of her parental rights was in the children's best interest. The termination of petitioner's parental rights was also necessary in order to establish permanency for the children. Therefore, the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 29, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: November 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment